

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,146-01

### EX PARTE CARLOS GARCIA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR-16-0668-D-WHC 1 IN THE 22ND DISTRICT COURT
### FROM HAYS COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of one count of aggravated sexual assault of a child, three counts of indecency with a child by contact, and two counts of indecency with a child by exposure. He was sentenced to thirty-five years for count one, fifteen years for count two, ten years for counts three and four, five years for count five, and ten years, probated for count six. The trial court ordered counts one, two, five and six to run concurrently and counts three and four to run consecutively. The Thirteenth Court of Appeals affirmed his conviction. *Garcia v. State*, No. 13-17-00218-CR (Tex. App. — Coprus Christi - Edinburg March 28, 2019) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

On April 29, 2020, this Court remanded this matter to the trial court to obtain affidavits and findings of fact addressing Applicant's claim that he received ineffective assistance of trial counsel. On July 23, 2020, this Court received the supplemental record after remand, which consisted only of the trial court's findings of fact and conclusions of law. In those findings of fact and conclusions of law, the trial court makes reference to an affidavit submitted by Applicant's trial attorney, Christie Williams, but no such affidavit was included in the supplemental record.

On July 28, 2020, this Court issued an order instructing the Hays County District Clerk to either supplement the record with a copy of trial counsel's affidavit, or certify in writing that that the affidavit of trial counsel is not part of the record. On August 14, 2020, this Court received a response from the Hays County District Clerk, which included a written certification that no such affidavit is on file with that office. Without an affidavit from trial counsel, the trial court's findings of fact and conclusions of law are not supported by the record.

The trial court shall insure that the habeas record is supplemented with a copy of the affidavit of trial counsel to which the trial court's findings refer within thirty days from the date of this order. The district clerk shall then immediately forward to this Court the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: September 16, 2020
Do not publish